## BEALL v. BALTIMORE & O. R. CO.

District Court, N. D. West Virginia.
Feb. 15, 1939.

Baker & Reeder, of Morgantown, W. Va., for plaintiff.

Terence D. Stewart and Ezra E. Hamstead, both of Morgantown, W. Va., for defendant.

BAKER, District Judge.

This case arises at this time upon the Defendant's Motion to dismiss the complaint and to enter judgment for the Defendant upon the ground that said complaint does not set forth sufficient cause of action. A chronological statement of the events leading up to this suit is of material aid in a decision of this motion.

Upon June 11, 1910, Roy U. Beall was employed by the Morgantown & Kingwood Railroad Company. This was a railroad company operating principally in Preston and Monongalia Counties, West Virginia. At that time Beall was working as a fireman upon one of the locomotives of said company. In the course of his employment he was injured. Sometime thereafter Beall and the railroad company entered into negotiations looking to an adjustment of this claim and upon June 5, 1911, a written contract was entered into between the railroad company and Beall, in words as follows:

"Agreement made and concluded this the 5th day of June, 1911, by and between Roy Beall of the first part, and hereinafter called the party of the first part, and the Morgantown and Kingwood Railroad Company of the second part, and hereinafter called the party of the second part.

"Whereas the said party of the first part was injured on June 11, 1910, at Manown on the M. & K. Railroad while in the employ of the said party of the second part as fireman; and

"Whereas the said party of the first part is not at this time able to follow his usual occupation of fireman, but is able to do other work for said party of the second part.

"Now, therefore, this agreement witnesseth; that for and in consideration of the premises the said party of the first part agrees to work for the said party of the second part at whatever he may be able to do, and the said party of the second part hereby agrees to employ the said party of the first part as long as his work is satisfactory to the company, and to give him such work as he may be able to do.

"It is hereby understood and agreed that the said party of the first part shall have the right to work at least one day in each year as fireman on an engine hauling a train over said railroad.

"In witness whereof the said party of the first part has caused this agreement to be signed by his own proper signature, and the party of the second part has caused this agreement to be signed by its corporate name by F. K. Bretz, General Manager, on this the day and year first aforesaid.

"(Signed)    R. U. Beall.
"(Signed)    Morgantown and Kingwood
              Railroad Co.

       "By F. K. Bretz, General Manager."

Following the execution of the above contract Beall went to work at the shops of the Morgantown & Kingwood Railroad Company and continued in said shops for about six months. He then resumed his work as a fireman on one of the locomotives and continued as such until about 1913, when he was promoted to the position of locomotive engineer. From that date on he continued as an engineer in the employ of the railroad company.

In March of 1920, the Baltimore & Ohio Railroad Company took over the operation and management of the lines of the Morgantown & Kingwood Railroad, the Balti-

more & Ohio having acquired practically if not all of the stock of the said Morgantown & Kingwood Railroad Company. The plaintiff continued to work as theretofore; of course, drawing his pay from the Baltimore & Ohio Railroad Company.

On January 1, 1922, the Baltimore & Ohio Railroad Company entered into a written contract with the Morgantown & Kingwood Railroad Company, which written contract is set out in full in the complaint. The pertinent paragraph for us to consider here was as follows:

"The First Party (B. & O. Railroad) will assume all current contracts, and will pay all accrued and current charges and indebtedness, other than bonded indebtedness, of the Second Party (Morgantown & Kingwood Railroad Company)."

The plaintiff continued to work as he had been working until the 28th day of May, 1932, at which time he was furloughed. The plaintiff apparently had worked a few days "now and then" since May 28, 1932, but his employment has not been of a continuous or regular nature.

Sometime between this latter date and September of 1935, the plaintiff brought suit against the Morgantown & Kingwood Railroad Company, alleging breach of the contract of June 5, 1911. This latter suit was certified to the Supreme Court of Appeals of the State of West Virginia upon a question of pleading, which is not of interest to the present proceeding, and was remanded for amendments of said pleadings, and was eventually tried in the Circuit Court of Monongalia County, resulting in a verdict of $1,047.11. This judgment was appealed by the defendant in that case, Morgantown & Kingwood Railroad Company, to the Supreme Court of Appeals of West Virginia, and on February 23, 1937, that Court reversed said judgment upon the ground that the conduct of Beall in accepting employment from the Baltimore & Ohio Railroad Company from 1920 until 1932 was wholly inconsistent with reliance on the contract with the Morgantown & Kingwood Railroad Company of June 5, 1911, and that he must be deemed to have waived his rights under that contract. See Roy U. Beall v. Morgantown & Kingwood Railroad Company, 118 W.Va. 289, 190 S.E. 333, 336.

On May 27, 1937, Beall instituted a suit in the Circuit Court of Monongalia County against the Baltimore & Ohio Railroad Company, a corporation, which suit, after certain procedural steps in the latter Court, was removed to this Court upon motion of the defendant on September 20, 1937. The defendant herein relies upon the prior decision in the State Court of West Virginia and presents what is, in effect, a plea of res adjudicata. The plaintiff seeks to escape the effect of the State Court decision by an allegation in his complaint that at the time of the institution of the suit in the State Court, he did not know of the contract between the Morgantown & Kingwood Railroad and the Baltimore & Ohio Railroad, which was first in effect entered into March, 1920, and later reduced to writing January 1, 1922. Counsel, while not using the exact phraseology, argued that if Beall had originally sued the Baltimore & Ohio Railroad Company at the time he brought his action in the State Court, alleging the contract between the Baltimore & Ohio and the Morgantown & Kingwood, and had the Supreme Court of Appeals of this State been presented with a record containing that contract, the decision of the Supreme Court must have been the opposite from that finally arrived at. This, however, does not seem to be a completely tenable position. Counsel have laid stress upon the fact that the Supreme Court of Appeals of West Virginia cited with approval the New Jersey case of Bird v. J. L. Prescott Company, 89 N.J.Law 591, 99 A. 380, and that in citing this case the Court quoted from it the following language: "A copartnership by which plaintiff was employed was succeeded by a corporation which took over all the assets and assumed certain of the liabilities, not including any liability to the plaintiff."

A reading of the whole Opinion by the West Virginia Court, however, leads to the unmistakable conclusion that that Court held that Beall had left the employ of the Morgantown & Kingwood Railroad Company and had gone to work for the Baltimore & Ohio Railroad Company in 1920, and that this voluntary action by the plaintiff constituted a waiver of his rights under the contract of June 5, 1911. In this connection the Court used the following language:

"In 1920, the plaintiff made no protest against being transferred to the payroll of the Baltimore & Ohio Railroad Company. For twelve years, he continued in that company's employ, and, within that period, made no demand on the Morgan-

town & Kingwood Railroad Company that it furnish him employment under his contract, nor did he tender himself ready to work for the last named company until after he was furloughed by the Baltimore & Ohio Railroad Company. The obvious fact is that within the period of his twelve years' employment by the Baltimore & Ohio Railroad Company he was not in position to tender his services to the Morgantown & Kingwood Railroad Company unless he was desirous of severing relations with his later employer and looking solely to the former. This, he did not seem willing to do. His long time voluntary service for his new employer must be taken as a waiver by him of his rights under the contract of employment with the defendant.

"The proposed lifetime employment, projected by the aforesaid contract, was not a unilateral undertaking; it was a bilateral obligation. Inextricably interwoven with the company's promise to employ the plaintiff was the latter's tacitly comprised promise to work for the company (defendant) regularly and continuously. The sale of defendant's corporate stock in 1920 did not render it impossible for plaintiff to tender his further services to the defendant and thereby proclaim his intention of fulfilling his part of the contract and of relying on defendant's obligations in the contract set forth.

"If it should be held that this plaintiff, after twelve years' indifference to his contract, has the right to turn back thereto, it would be difficult to fix a deadline in such matters. Why not approve like course after twenty-five years, or forty?"

It is apparent from reading the above that the West Virginia Court based its decision squarely upon the proposition that Beall was voluntarily working for the Baltimore & Ohio Railroad Company during all this period and that such a course of conduct constituted, under the laws of West Virginia, a waiver of his rights under the contract of June 5, 1911, with the Morgantown & Kingwood Railroad Company.

The fact that Beall now says that there existed a contract between the Baltimore & Ohio Railroad Company and the Morgantown & Kingwood Railroad Company, which would have given him the right to proceed against the Baltimore & Ohio Railroad Company had he so desired, would seem to hurt, rather than help, his contention in this case, for he pleads specifically in his complaint that he did not know of the existence of that contract. If he did not know of the existence of that contract, he could not have felt that he was being employed by virtue of its operation.

It was further argued that the doctrine of "res judicata" does not apply here for the reason that the parties are not the same, and that the doctrine of "the law of the case" is inapplicable for reason of the fact that additional facts, namely, the contract between the Baltimore & Ohio and the Morgantown & Kingwood, has now been brought into the litigation. Whatever might be the correct answer to these two more or less technical propositions, the fact remains that in the decision in the State Supreme Court of Appeals this plaintiff was held to have waived his rights under the contract of June 5, 1911. The only basis upon which any recovery in this present action could be founded would be that contract; hence, if it was waived, and if he lost his rights under it, this action must fall.

It is not necessary to here consider what would have been this Court's decision if the original suit had been brought herein, or if an original suit against the Baltimore & Ohio Railroad Company, based upon the two contracts of June 5, 1911, and January 1, 1922, had been presented for a decision. This Court is here confronted with a contract which has been interpreted by the Supreme Court of Appeals of this State, and has been held to be of no force and effect. Nothing remains for this Court to do but dismiss this action.

An order will, therefore, be entered sustaining the defendant's motion to dismiss.